IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC.,<br>425 Third Street SW, Suite 800<br>Washington, DC 20024,<br><br>    *Plaintiff*,<br>v.<br><br>U.S. DEPARTMENT<br>OF THE TREASURY,<br>1500 Pennsylvania Avenue, N.W.<br>Washington, DC 20220,<br><br>    *Defendant*. | Civil Action No. |

## COMPLAINT

Plaintiff Judicial Watch, Inc. ("Plaintiff") brings this action against Defendant United States Department of the Treasury ("Defendant") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, integrity, and accountability in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes the agencies' responses and disseminates

both its findings and the requested records to the American public to inform them about "what their government is up to."

4. Defendant is an agency of the United States Government headquartered at 1500 Pennsylvania Avenue, N.W., Washington, DC 20220. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On March 20, 2019, Plaintiff submitted a FOIA request to Defendant, seeking access to the following records:

> 1. Any and all records concerning, regarding, or relating to the June 4, 2018 meeting between former Wynn Resorts Ltd. CEO Steve Wynn ("Wynn") and Department of the Treasury officials, including but not limited to Daniel Kowalski. Such records include, but are not limited to, letters, emails, text messages, calendar entries, and notes or memos about the meeting.
>
> 2. Any and all communications between Wynn and Department of the Treasury officials concerning, regarding, or relating to "Opportunity Zone" tax incentives or investments in "Qualified Opportunity Funds" under Section 1400Z-2 of the Internal Revenue Code. Such records include letters, emails, text messages and notes or memos of communications. The time frame of this request is March 1, 2018 to October 31, 2018.

6. After an initial dispute about whether Plaintiff adequately described the requested records, Defendant acknowledged receiving Plaintiff's request by letter dated May 3, 2019. In the acknowledgment letter, Defendant advised Plaintiff that the request had been assigned reference number 2019-03-219 and invoked FOIA's "unusual circumstances" provision to grant itself an additional 10 days in which to issue a determination.

7. As of the date of this Complaint, Defendant has failed to: (i) produce the requested records or demonstrate that the requested records are lawfully exempt from

production; (ii) notify Plaintiff of the scope of any responsive records Defendant intends to produce or withhold and the reasons for any withholdings; or (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination.

## COUNT I
## Violation of FOIA, 5 U.S.C. § 552

8. Plaintiff realleges paragraphs 1 through 7 as if fully stated herein.

9. Defendant is in violation of FOIA.

10. Plaintiff is being irreparably harmed by reason of Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with FOIA.

11. To trigger FOIA's administrative exhaustion requirement, Defendant was required to determine whether to comply with Plaintiff's request within the applicable time limit provisions of 5 U.S.C. § 552(a)(6). At a minimum, Defendant was required to: (i) gather and review the requested documents; (ii) determine and communicate to Plaintiff the scope of any responsive records Defendant intended to produce or withhold and the reasons for any withholdings; and (iii) inform Plaintiff that it may appeal any adequately specific, adverse determination. *See*, *e.g.*, *Citizens for Responsibility and Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 188-89 (D.C. Cir. 2013). Accordingly, Defendant's determination was due on about June 17, 2019, including the 10-day extension Defendant granted itself.

12. Because Defendant failed to determine whether to comply with Plaintiff's request within the time period required by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies. 5 U.S.C. § 552(a)(6)(C)(i).

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a Vaughn index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  June 21, 2019

Respectfully submitted,

/s/ *Paul J. Orfanedes*
Paul J. Orfanedes
D.C. Bar No. 429716
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Tel:    (202) 646-5172
Email: porfanedes@judicialwatch.org

*Counsel for Plaintiff*